UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:09-CV-6 ) |
| GRANITE RIDGE BUILDERS, INC., TIMOTHY CHAFFEE, and JENNIFER CHAFFEE, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

The Plaintiff, Harleysville Lake States Insurance Company, filed its complaint in this Court on January 7, 2009, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) In its complaint, the Plaintiff states that Defendants Timothy Chaffee and Jennifer Chaffee "are natural persons residing in Allen County, Indiana." (Compl. ¶ 3.)

The Plaintiff's complaint, however, is inadequate with respect to its jurisdictional allegations. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency"

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
    Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendants Timothy Chaffee and Jennifer Chaffee, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, the Plaintiff is ORDERED to file an amended complaint on or before January 20, 2009, that properly alleges the citizenship of each party.

SO ORDERED.

Enter for this 8th day of January, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge